UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

**Terri Pepper**,

            Plaintiff,

v.

**Life Protect 24/7, Inc. d/b/a
Life Protect 24/7**,

            Defendant.

Case No. 4:20-cv-02154

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS AMENDED COMPLAINT

Terri Pepper (Plaintiff), by and through her attorneys, Kimmel & Silverman, P.C., files the instant memorandum of law in opposition to the motion to dismiss filed by Defendant Life Protect 24/7, Inc. d/b/a Life Protect 24/7 (Defendant):

### I. Statement of Material Facts

Plaintiff resides in The Woodlands, Texas 77354. (Am. Compl. ¶ 6.) Beginning in or around January 2020, Defendant repeatedly called Plaintiff on her cellular phone on a repetitive and continuous basis for solicitation purposes. (Am. Compl. ¶ 13.) Plaintiff did not request information from Defendant and Defendant did not have consent to contact Plaintiff. Plaintiff has been on the Do Not Call Registry since December 15, 2004. Defendant's calls were not made for "emergency purposes." Defendant's incessant calls were bothersome, disruptive and frustrating for Plaintiff to endure. Plaintiff received two or more calls from Defendant while on the Do Not Call Registry within a single year. (Am. Compl.¶¶ 14-19)

.

## II. Argument

### A. Standard of Review

#### 1. Standard for Fed. R. Civ. P. 12(b)(6)

To survive Defendant's Motion to Dismiss under Fed.R.Civ.P. 12(b)(6), a complaint must contain sufficient factual matter to state a claim for relief that is plausible on its face. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "To be plausible, the complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" In re Great Lakes Dredge & Dock Co. LLC, 624 F.3d 201, 210 (5th Cir. 2010) (quoting Twombly, 550 U.S. at 555). This pleading standard does not require "'detailed factual allegations,'" but it does demand more than an unadorned accusation devoid of factual support. Ashcroft v. Iqbal, 556 U.S. 662, 678, (2009) (quoting Twombly, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." Id. at 678 (citing Twombly, 550 U.S. at 556). "[A] formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (citing Papasan v. Allain, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986)). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Iqbal, 556 U.S. at 679. Where the facts do not permit the Court to infer more than the mere possibility of misconduct, the Complaint has stopped short of showing that Plaintiff is plausibly entitled to relief. Id. at 678 (citing Twombly, 550 U.S. at 557).

In deciding a Rule 12(b)(6) motion, a court may not look beyond the pleadings. Spivey v. Robertson, 197 F.3d 772, 774 (5th Cir. 1999). However, the pleadings, for the purpose of determining a Rule 12(b)(6) motion, include documents attached to the pleadings and to the motion to dismiss so long as they "are referred to in the plaintiff's complaint and are central to [his] claim."

Causey v. Sewell Cadillac-Chevrolet, Inc., 394 F.3d 285, 288 (5th Cir. 2004) (citing Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498-99 (5th Cir. 2000)).

### 2. Standard for 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) authorizes dismissal of a case for lack of subject matter jurisdiction when the district court lacks the "statutory or constitutional power to adjudicate the case." Home Builders Ass'n of Miss., Inc. v. City of Madison, 143 F.3d 1006, 1010 (5th Cir. 1998); accord FED. R. CIV. PRO 12(b)(1). In deciding a motion under 12(b)(1), the Court may consider "(1) the complaint alone; (2) the complaint supplemented by the undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the [C]ourt's resolution of disputed facts." Lane v. Halliburton, 529 F.3d 548, 557 (5th Cir. 2008) (quoting Barrera-Montenegro v. United States, 74 F.3d 657, 659 (5th Cir. 1996)). The Court will accept as true all well-pleaded allegations set forth in the complaint and construe those allegations in the light most favorable to the plaintiff. *See* Lujan v. Defenders of Wildlife, 504 U.S. 555, 561, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992) ("At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss we 'presum[e] that general allegations embrace those specific facts that are necessary to support the claim.'") (citing Lujan, 497 U.S. 871, 889 (1990); Truman v. United States, 26 F.3d 592, 594 (5th Cir. 1994). The Court will grant a motion to dismiss for lack of subject matter jurisdiction only if it appears certain that the claimant cannot prove a plausible set of facts to support a claim that would entitle it to relief. Cunningham v. Radius Glob. Sols. LLC, Civil Action No. 4:20-CV-00294, 2020 U.S. Dist. LEXIS 167954, at *3-4 (E.D. Tex. Sep. 14, 2020)

### 3. Plaintiff has Pleaded Standing Sufficiently

In its Memorandum, Defendant argues Plaintiff fails to plead a concrete injury sufficient to establish Article III standing. (*See* Defendant's Memorandum, pp. 5-12.) For the reasons stated below, Defendant's argument fails.

In the context of determining whether a TCPA plaintiff who receives one or more telephone call has Article III standing to assert a viable claim in federal court, Fifth Circuit stated "[a] party who makes a call using an automatic telephone dialing system uses the *system* to make the call, regardless of whether the recipient answers, and thereby triggers TCPA liability." Ybarra v. Dish Network, L.L.C., 807 F.3d 635, 641 (5th Cir. 2015) (emphasis in original). Where a plaintiff asserted receiving calls in a TCPA action, the Eastern District of Texas held "Accepting as true the allegations set forth in the complaint, the Court finds Cunningham has sufficiently pleaded facts showing TCPA liability has been triggered." Cunningham v. Radius Glob. Sols. LLC, Civil Action No. 4:20-CV-00294, 2020 U.S. Dist. LEXIS 167954, at *8-9 (E.D. Tex. Sep. 14, 2020).

A missed call with a familiar area code, on the other hand, is more difficult to immediately dismiss as an automated message. Id., at 9. "Courts considering harm in connection with TCPA claims have noted that 'one of the purposes of the TCPA was to protect telephone subscribers from the 'nuisance' of unwanted calls.'" Morris v. Unitedhealthcare Ins. Co., U.S. Dist. LEXIS 168288, (E.D. Tex. Nov. 9, 2016), *report and recommendation adopted*, 4:15-CV-638, 2016 U.S. Dist. LEXIS 168118, 2016 WL 7104091 (E.D. Tex. Dec. 6, 2016) (Mazzant, J.)); *see also* Cunningham v. Rapid Response Monitoring Services, Inc., 251 F. Supp. 3d 1187, 1197 (M.D. Tenn. 2017) ("Unwanted telemarketing can be a 'nuisance' and 'an intrusive invasion of privacy.'") (quoting Mims v. Arrow Fin. Servs., LLC, 565 U.S. 368, 372, 132 S. Ct. 740, 181 L. Ed. 2d 881 (2012) (quoting TCPA, 105 Stat. 2394, note following 47 U.S.C. § 227) ). "In *Martin*, the district

court analyzed whether the plaintiffs TCPA claims satisfied the injury-in-fact requirement of Article III. The district court found an injury-in-fact when the plaintiffs alleged they were forced to tend to unwanted calls—a privacy interest which Congress sought to protect." *Id.* (citing, 2012 U.S. Dist. LEXIS 112795, 2012 WL 3292838, at *2; In re Rules Implementing the Tel Consumer Prot. Act of 1991, 30 FCC Rcd. At 7979-80).

In the Amended Complaint here, Plaintiff alleges that "Defendant's incessant calls were bothersome, disruptive and frustrating for Plaintiff to endure." (Am. Compl. ¶ 17.)  As stated above, pleading the nuisance of unwanted calls is sufficient to establish a concrete injury for the purpose of TCPA standing.  One does not need to allege catastrophic injury or wrongful death to have standing.  Plaintiff's Amended Complaint is sufficient under the standard of 12(b)(1).

### 4. Plaintiff Need Not Prove Life Protect Made the Telephone Calls at the Pleading stage

In its Memorandum, Defendant makes the perplexing argument that "Plaintiff offers no facts supporting her identification of Life Protect" (Defendant's memorandum, p. 6.)  However, in the Amended Complaint, Plaintiff alleges the following:

>  13. Beginning in or around January 2020, Defendant repeatedly called Plaintiff on her cellular phone on a repetitive and continuous basis for solicitation purposes.
>
>  14. Plaintiff did not request information from Defendant and Defendant did not have consent to contact Plaintiff.
>
>  15. Plaintiff has been on the Do Not Call Registry since December 15, 2004.
>
>  16. Defendant's calls were not made for "emergency purposes."
>
>  17. Defendant's incessant calls were bothersome, disruptive and frustrating for Plaintiff to endure.
>
>  18. Plaintiff received two or more calls from Defendant while on the Do Not Call Registry within a single year.

If Defendant intended to raise the defense that Life Protect did not call Ms. Pepper, and Plaintiff did not offer concrete proof of same, that would be an argument for summary judgment or trial. A plaintiff is not obligated to prove her claim at the pleading stage. Life Protect is confusing Fed. R. Civ. P. 8 and 12 with Rule 56. Defendant's argument is therefore misplaced.

### 5. Plaintiff Sufficiently Pleaded She Received Multiple Calls Within a Year While on the Do Not Call List.

In its Memorandum, Defendant also makes the facially incorrect argument that Ms. Peppers failed to allege that Life Protect made more than one telephone solicitation to Plaintiff within a year. (*See* Defendant's Memorandum, p. 25.) A cursory review of the Amended Complaint renders this argument futile.

Paragraph 13 of the Amended Complaint reads: "Defendant repeatedly called Plaintiff on her cellular phone on a repetitive and continuous basis **for solicitation purposes."** (Am Compl. ¶ 13 (emphasis added.)) Paragraph 18 of the Amended Complaint reads "Plaintiff received **two or more calls from Defendant** while on the Do Not Call Registry **within a single year."** (Am Compl. ¶ 18.)

Defendant's argument about Plaintiff's Amended Complaint is belied by the plan language on the Amended Complaint's face.

### 6. Plaintiff has Sufficiently Pleaded that Defendant Used an Automatic Telephone Dialing System

Defendant argues in its Memorandum that Plaintiff has failed to sufficiently plead that Life Protect used an "automatic telephone dialing system" as defined by 47 U.S.C. § 227(b)(1)(A)(iii). For the reasons stated below, that argument must fail.

In Torres v. Inteliquent, Inc., 2018 U.S. Dist. LEXIS 189602 (E.D. La. Nov. 6, 2018), the court held a brief description of text messages received along with a conclusory allegation that an

ATDS was used was sufficient to plead ATDS under Fed. R. Civ. P. 12(b)(6). In Torres v. Nat'l Enter. Sys., Inc., 2012 LEXIS 110514 (N.D. Ill. Aug. 7, 2012) (plaintiff's allegation that defendant used an ATDS or an artificial or prerecorded voice sufficed to avoid dismissal for failure to state a claim).

Defendant points to the circuit split regarding the definition of ATDS under the TCPA. (Defendant's Memorandum, pp. 14-16.) The FCC issued guidance in 2003 and 2008 that a predictive dialer qualified as an ATDS. A 2003 Report and Order reasoned that ATDSs reflected the general concern against devices that had "the capacity to dial numbers without human intervention." In Re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991 ("2003 Order"), 18 F.C.C. Rcd. 14014, 14092 ¶¶ 131-32 (2003) (emphasis in original). A 2008 Declaratory Ruling affirmed this interpretation and reasoning. In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991 ("2008 Order"), 23 F.C.C. Rcd. 559, 566 ¶ 12 (2008).

The Sixth Circuit (Allan v. Pa. Higher Educ. Assistance Agency, 968 F.3d 567 (6th Cir. 2020), the Ninth Circuit (Marks v Crunch San Diego, LLC, 904 F.3d 1041, 1052 (9th Cir. 2018)) and the Second Circuit( Duran v. La Boom Disco, Inc., 955 F.3d 279 (2d Cir. 2020) agree with that definition. On the other hand, the Eleventh Circuit (Glasser v. Hilton Grand Vacations Co., LLC, 948 F.3d 1301, 1316 (11th Cir. 2020) and 7th Circuit held that an ATDS must be a system that "has the capacity (A) to [i] store [telephone numbers to be called] or [ii] produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." Id.

While Plaintiff is prepared to argue vociferously as to why the "dialing numbers from a stored list without human intervention" definition must be applied to ATDS, that issue need not

be addressed. The Amended Complaint includes allegations for both the broad and narrow definitions of ATDS:

23. Defendant initiated multiple telephone calls to Plaintiff's cellular telephone number using an automatic telephone dialing system.

24. The dialing system used by Defendant to call Plaintiff's cellular telephone calls telephone numbers without being prompted by human intervention before each call.

25. The dialing system used by Defendant to call Plaintiff has the present and/or future capacity to dial numbers in a random and/or sequential fashion.

(See Am. Compl. ¶¶ 23-25.)

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: 09/19/2020 | By: *s/ Amy L. Bennecoff Ginsburg* <br> Amy L. Bennecoff Ginsburg, Esq. <br> Kimmel & Silverman, P.C. <br> 30 East Butler Pike <br> Ambler, PA 19002 <br> Phone: 215-540-8888 <br> Facsimile: 877-788-2864 <br> Email: aginsburg@creditlaw.com |

CERTIFICATE OF SERVICE

I, Amy L.B. Ginsburg, hereby certify that I served a true and correct copy of the foregoing amended complaint to the below parties via ECF.

**Christopher M. Jordan**
TX State Bar No. 4087817
**MUNSCH HARDT KOPF &HARR, P.C.**
700 Milam Street, Suite 2700
Houston, Texas 77002
Telephone: (713) 222-4015
Fax: (713) 222-5834
Email: cjordan@munsch.com
*Attorneys for Defendant*


BROWNSTEIN HYATT FARBER SCHRECK, LLP
Matthew C. Arentsen, *pro hac vice pending*
Jesse D. Sutz, *pro hac vice pending*
410 17th Street, Suite 2200
Denver, Colorado 80202
Phone: 303.223.1100