## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

TERRY PEPPER,

          Plaintiff,

v.

LIFE PROTECT 24/7, INC., d/b/a
LIFE PROTECT 24/7,

          Defendant.

Case No.: 4:20-cv-02154

## REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

Defendant Life Protect 24/7, Inc. ("Life Protect") respectfully submits this Reply in Support (the "Reply") of its Motion to Dismiss (the "Motion") (Dkt. No. 14) Plaintiff's First Amended Complaint (the "Amended Complaint") (Dkt. No. 13) under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). In support of this Reply, Defendant relies on its Memorandum in Support, set forth as follows:

## INTRODUCTION

Like Plaintiff's Amended Complaint, Plaintiff's Opposition and "Supplement" in response to the Motion are conclusory and offer no plausible theories of relief.[1] Plaintiff does not address or distinguish the authority cited by Life Protect in its Motion and does not offer any explanation of how her threadbare Amended Complaint states a non-speculative claim that Life Protect called her. Rather, Plaintiff asks this Court to take her conclusory allegations at face value and permit her to proceed into discovery. Her request must be denied.

---

[1] The Opposition and "Supplement" appear to have been filed on September 18, 2020—*after the September 17, 2020 deadline*. (*See* Dkt. No.'s 16, 18). Plaintiff's Opposition did not address the Texas Business and Commerce Code claim. Rather, without explanation or notice to undersigned counsel, Plaintiff addressed Life Protect's challenge to this claim in a late-filed "Supplement" to her Opposition. The Supplement is procedurally improper and should be stricken.

When a party has a non-speculative claim, satisfying the *Twombly/Iqbal* pleading standard is not a high bar. Plaintiff's allegations, however, fall well below this threshold. Plaintiff has now had three opportunities—*her initial Complaint, her Amended Complaint, and her Opposition/Supplement*—to provide this Court with a plausible claim. Yet, she has still failed to do so. Critically, Plaintiff still does not offer any articulable basis to believe that: (1) Life Protect called her; (2) that she was injured; (3) that any calls were made using an ATDS;[2] or (4) that any calls contained telephone solicitations. Her failure to offer allegations in support of any of these needed averments are telling considering Life Protect has now filed two motions to dismiss that each pointed out the myriad fatal deficiencies in her pleadings. At this point, it is clear that Plaintiff cannot allege facts sufficient to state a claim for relief against Life Protect under the TCPA or the Texas Business and Commerce Code. Any further amendment here thus would be futile, and Plaintiff's Amended Complaint must be dismissed with prejudice.

## ARGUMENT

### I.  Rule 12(b)(1) Challenge—Plaintiff Lacks Article III Standing.

Plaintiff does not argue that her injuries, if any, are traceable to Life Protect and does not explain how her supposed injuries are concrete as required by Article III. Indeed, Plaintiff's concession in her Opposition that she "need not prove" whether Life Protect called her evinces that she cannot trace her injuries to Life Protect. (Dkt. No. 16, at 5). In addition, Plaintiff's request that this Court accept her conclusory averments of injury highlights that she cannot allege any plausible concrete injury.

#### A.  Plaintiff's Injuries (if any) Are Not Traceable to Life Protect Because Plaintiff Can Only Speculate as to Whether Life Protect Called Her.

Plaintiff's argument that she "need not prove" at this juncture that Life Protect called her

---

[2] Any abbreviations or shorthand used in this Reply is consistent with how such terms are abbreviated in the Motion.

serves to confirm that she has no plausible basis for her conclusory allegation that Life Protect was the caller. Accordingly, beyond mere speculation, she cannot trace her purported injuries to Life Protect. (*See* Dkt. No. 16, at 5). To be sure, Plaintiff must offer more than mere speculation that Life Protect called her to have standing; Plaintiff must show that there is a "'***substantial likelihood' that defendant's conduct*** caused [or could cause] plaintiff's harm." *Abbott v. BP Exploration & Prod.*, 781 F. Supp. 2d 453, 471 (S.D. Tex. 2011) (emphasis added) (citing and quoting *Public Interest Research Group of N.J., Inc. v. Powell Duffryn Terminals, Inc.*, 913 F.2d 64, 72 (3d Cir. 1990)). Plaintiff's lone allegation that "Defendant repeatedly called Plaintiff" is far from showing that there is a "substantial likelihood" it was Life Protect's conduct that caused her supposed harm by way of calls to her. (Dkt. No. 16, at 5 (citing Am. Compl. ¶ 13)). Additionally, because the Opposition was Plaintiff's third opportunity to offer any believable, factual explanation for how she traced any of the supposed calls to Life Protect, it is apparent that she cannot offer an explanation. Any further amendment would, therefore, be futile.

### B.     Plaintiff Alleges No Concrete Injury In Fact.

Plaintiff still offers no plausible theory of how she suffered an injury in fact because she does not make any well-pled factual averments to support her conclusory allegation that the calls bothered, disrupted, or frustrated her. Instead, Plaintiff's argument is that this Court must allow her to stand on her vague, non-concrete assertions of injury. This Court cannot.

Plaintiff's reliance on *Ybarra v. Dish Network, LLC*[3] and *Cunningham v. Radius Global Solutions LLC*[4] is unavailing. In *Ybarra*, the Fifth Circuit did not address what sorts of allegations are sufficient to confer standing under the TCPA; it addressed what was sufficient to trigger _liability_ under the TCPA. *See generally*, *Ybarra*, 807 F.3d 635. Article III standing and

---

[3] 807 F.3d 635 (5th Cir. 2015).
[4] No. 4:20-CV-00294, 2020 U.S. Dist. LEXIS 167954 (E.D. Tex. Sept. 14, 2020).

statutory liability are not the same inquiry. *See Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549 (2016).

In *Cunningham*, the Eastern District of Texas found that the plaintiff had standing under the TCPA; however, the plaintiff there alleged that after receiving a missed call, he took the time to call the number back thinking it could be a loved one because it was from a familiar area code. 2020 U.S. Dist. LEXIS 167954 at *10. Further, the plaintiff alleged that the call distracted him from his work. *Id*. at *11. Here, Plaintiff does not allege that she called back a number or that a call interrupted her workday. If anything, *Cunningham* is consistent with the cases cited by Life Protect in the Motion in that some concrete allegations of injury beyond vague allegations of bother are required under the TCPA. Plaintiff's mere allegations of bother, disruption, and frustration are simply not sufficient to confer standing without any factual allegations supporting these supposed injuries. Moreover, these allegations are implausible when viewed in light of Plaintiff's failure to aver or argue that she answered—or even ignored, silenced, or heard—any of the alleged calls.

Finally, Plaintiff fails to address Life Protect's argument that she lacks Article III standing for her Texas Business and Commerce Code claim. (*See generally*, Dkt. No. 16). As Life Protect argued, Plaintiff's claim amounts to an effort to enforce a state procedural licensing requirement—which is improper under *Spokeo*, 136 S. Ct. at 1549. (Dkt. No. 14, at 10–11).

Because Plaintiff has now repeatedly failed to aver circumstances sufficient to support a finding that she suffered a concrete injury in fact traceable to Life Protect as required to confer Article III standing, the Motion should be granted with prejudice.

## II.    <u>Rule 12(b)(6) Challenge—Plaintiff Fails to State a Claim for Relief.</u>

Plaintiff's arguments boil down to her acknowledging that her allegations are conclusory but asking this Court to accept the allegations as true and to give her a shot at discovery. That is not what the rules require or permit and dismissal with prejudice is appropriate.[5]

### A.    Plaintiff Does—and Cannot—Plausibly Allege Life Protect Called Her.

While Plaintiff is correct that she need not *prove* at the pleadings stage that Life Protect called her, she must of course make plausible, non-speculative allegations that Life Protect was the caller. Yet, despite multiple opportunities, she has not. This failure is fatal to her claims.

A necessary element of all of her claims is that Life Protect "initiated" or "made" the calls to her. (Dkt. No. 14, at 12–13). Under *Twombly/Iqbal*, this element must be plausibly pled. *See, e.g., Neria v. Dish Network L.L.C.*, No. 6:19-CV-00430-ADA-JCM, 2020 U.S. Dist. LEXIS 108169, at *9 (W.D. Tex. June 19, 2020). Plaintiff's effort to cast this issue as one more suitable for resolution at the summary judgment stage is without merit. If true, this contention would mean that any plaintiff could assert a claim under the TCPA or the Texas Business and Commerce Code and survive dismissal without averring any plausible basis that the defendant called the plaintiff beyond naming the defendant in the complaint. This cannot be, and is not, the law. Because Plaintiff has demonstrated on three occasions that she does not know whether Life Protect called her, further amendment would be futile, and the Amended Complaint must be dismissed with prejudice.

---

[5] *See Elliott v. Foufas*, 867 F.2d 877, 881 (5th Cir. 1989) ("In order to avoid dismissal for failure to state a claim, a plaintiff must plead specific facts, not mere conclusory allegations[.]"); *Associated Builders, Inc. v. Alabama Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974) ("Conclusory allegations and unwarranted deductions of fact are not admitted as true[.]").

### B.     Plaintiff Does Not Sufficiently Aver that An ATDS Was Used.

In her Opposition, Plaintiff states that she "is prepared to argue vociferously as to why the 'dialing numbers from a stored list without human intervention' definition must be applied to ATDS," but tellingly, she makes no effort to do so. (Dkt. No. 16, at 7). Instead, she contends that the Court need not address the scope of an ATDS because "[t]he Amended Complaint includes allegations for both the broad and narrow definitions of ATDS." (*Id.* at 8). Plaintiff is wrong on the law and wrong on her allegations. As argued in detail in Life Protect's Motion, this Court should adopt the "narrow" ATDS construction because it is true to the statute's text, intent, and legislative history.[6] But should the Court not wish to rule on the ATDS definition in light of the pending Supreme Court decision on the issue, it can and should still dismiss Plaintiff's 47 U.S.C. § 227(b) claim. Other than speculative and conclusory assertions, Plaintiff provides no allegations evincing the use of an ATDS under *either* definition.

Plaintiff contends that her lone conclusory allegation parroting the statutory language of the ATDS definition is sufficient to survive dismissal: *i.e.*, "The dialing system used by Defendant to call Plaintiff has the present and/or future capacity to dial numbers in a random and/or sequential fashion." (Am. Compl. ¶ 25). She is incorrect. Even the case Plaintiff cited for her erroneous argument—*Torres v. Inteliquent, Inc.*, 2018 U.S. Dist. LEXIS 189602, at *7 (E.D.

---

[6] As explained in the Motion, although the Fifth Circuit has not addressed the scope of an ATDS subsequent to the D.C. Circuit setting aside the FCC's prior interpretations, both the Northern and Western Districts of Texas have found that the narrow definition is appropriate. *See Suttles v. Facebook, Inc.*, No. 1:18-CV-1004-LY, 2020 U.S. Dist. LEXIS 90026, at *17–18 (W.D. Tex. May 20, 2020); *Adams v. Safe Home Sec. Inc.*, No. 3:18-cv-03098-M, 2019 U.S. Dist. LEXIS 126522, at *6–10 (N.D. Tex. July 30, 2019). Plaintiff does not dispute, or even address, this precedent. (*See generally*, Dkt. No. 16, at 6–8). Moreover, the FCC recently agreed that only devices with the ability to randomly or sequentially store or produce numbers to be called constitute an ATDS. *P2P Alliance Petition for Clarification*, DA-20-670, ¶ 8 (2020). And just this month, the United States followed suit—submitting a brief to the Supreme Court in support of the narrow ATDS definition. *See generally*, Br. For The United States As Respondent Supporting Petitioner, *Facebook, Inc. v. Duguid*, No. 19-511. Indeed, the United States argued that the plain language, the legislative history, and the policy concerns of the TCPA's drafters all confirm that the definition of an ATDS requires the system be capable of random or sequential number generation. *Id.*

La. Nov. 6, 2018)—agreed that a plaintiff cannot stand on conclusory assertions that an ATDS was used. The *Torres* court acknowledged that courts in the Fifth Circuit require a plaintiff to provide "some facts to support" that an ATDS was used. *Id.* As described in *Torres*—and as Life Protect argues in its Motion—a plaintiff must describe in "layman's terms" bare facts supporting an inference that an ATDS was used, such as picking up a call and experiencing dead air time. *Id.* at *8. Crucially, *Torres* correctly acknowledged that merely reciting the language of the statute's ATDS definition is insufficient to state a claim that an ATDS was used. *Id.*

Here, Plaintiff's recitation of the statutory ATDS definition is an attempt to stand on the precise allegations that *Torres* said were insufficient to state the use of an ATDS. (Dkt. No. 16, at 8). Further, it is also clear that Plaintiff cannot make plausible allegations evincing the use of a system with a random or sequential number generator because she does not allege in either of her two complaints (or argue in her Opposition) that she actually picked up any of the calls, or that she has any other basis for knowing the nature of the dialing technology used. Plaintiff's guesswork regarding the dialing technology is not enough to state a claim under the statutory (narrow) ATDS interpretation.

Yet, even if the Court evaluated Plaintiff's claim under the broad ATDS definition (which it should not), Plaintiff's bald allegation that the system used is capable of "dialing numbers from a stored list without human intervention" does not plausibly state the use of an ATDS. (Dkt. No. 16, at 8 (quoting Am. Compl. ¶ 24)). As an initial matter, under the broad definition, the device must be able to "store numbers . . . and to dial such numbers automatically[.]" *Marks v. Crunch San Diego, LLC*, 904 F.3d 1041, 1053 (9th Cir. 2018). Plaintiff does not allege that the device supposedly used to call her had that capacity. (*See generally*, Am. Compl.). But even more significantly, like her threadbare allegations asserting

7

the system could dial numbers randomly or sequentially, Plaintiff offers no basis to support her conclusion that the telephone system she believes called her has the ability to call numbers "from a stored list without human intervention." (*See* Dkt. No. 16, at 7–8.) And considering she does not allege she answered any of the calls (or that she has any other knowledge concerning the telephony system used to make the calls), how could she have any such basis. Accordingly, Plaintiff does not allege factual circumstances sufficient to support a finding that an ATDS was used under Rule 8.

> **C.      Plaintiff Does Not—and Cannot—Plausibly Allege Multiple Calls Containing Telephone Solicitations.**

Despite Plaintiff's argument that a "cursory review" of the Amended Complaint reveals that she received two or more calls while on the National DNC, that is not what is required to state a claim under 47 U.S.C. § 227(c)(5). Rather, Plaintiff must allege that she received two or more ***telephone solicitations*** while on the National DNC. *See* 47 C.F.R. § 64.1200(c)(2). Plaintiff provides two separate conclusory allegations to support this claim: *first*, that "Defendant repeatedly called Plaintiff on her cellular phone on a repetitive and continuous basis for solicitation purposes" (Dkt. No. 16, at 6 (citing Am. Compl. ¶ 13)); and *second*, that "Plaintiff receive two or more calls from Defendant while on the Do Not Call Registry within a single year." (Dkt. No. 16, at 6 (citing Am. Compl. ¶ 18)). Critically, Plaintiff does not attempt to tie these bare allegations together and explain *how many telephone solicitations* she received *while on the National DNC*, and *how many* of those calls occurred in a twelve-month period.

Additionally, Plaintiff's conclusory allegations that the alleged calls to her contained telephone solicitations are implausible when viewed against her failure to allege in her Amended Complaint (or even assert in her Opposition) that she answered any of the calls or that the caller left a voice message. Certainly, Plaintiff cannot know the content of calls that she did not answer

and for which she received no voicemail. Because of Plaintiff's failure to offer any plausible allegations or explanation supporting her § 227(c)(5) claim, the claim must be dismissed with prejudice.

### D. Plaintiff Does Not Argue that the Elements of a Claim Under Section 302.101 of the Texas Business and Commerce Code Are Met.

In an effort to save her deficient claim under the Texas Business and Commerce Code Section 302.101, Plaintiff filed a "Supplement" to her Opposition, which merely quotes her allegations in the Amended Complaint and tells this Court it must accept the allegations as true and avoid "short-circuit[ing]" the discovery process. (Dkt. No. 18, at 1–2). Plaintiff does not address the requisite elements to state a claim under the Texas Business and Commerce Code Section 302.101. Plaintiff does not allege, or even contend, that she is a "purchaser," that Life Protect is a "seller," or that Life Protect made a statutorily defined "telephone solicitation." (*See* Dkt. No. 18, at 1–2). Because Plaintiff does not assert that she answered any of the calls or received a voicemail, there is no basis to conclude any of the calls contained "telephone solicitations"—meaning that Life Protect is not a "seller" because a "seller" necessarily makes "telephone solicitations." This Court should not accept Plaintiff's threadbare allegations and legal conclusions. *See Ashcroft v. Iqbal,* 556 U.S. 662, 678–79 (2009) (holding that Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions"). As such, this claim must too be dismissed with prejudice.

### CONCLUSION

Life Protect respectfully requests that the Motion be granted and Plaintiff's Amended Complaint be dismissed with prejudice.

SUBMITTED this 24th day of September 2020, by:

/s/ Matthew C. Arentsen
BROWNSTEIN HYATT FARBER SCHRECK, LLP
Matthew C. Arentsen, *admitted pro hac vice*
Jesse D. Sutz, *admitted pro hac vice*
410 17th Street, Suite 2200
Denver, Colorado 80202
Phone: 303.223.1100
Fax:   303.223.1111
Email:     marentsen@bhfs.com
           jsutz@bhfs.com

*Attorneys in Charge for Defendant*

Christopher M. Jordan
TX State Bar No. 4087817
MUNSCH HARDT KOPF & HARR, P.C.
700 Milam Street, Suite 2700
Houston, Texas 77002
Telephone:  (713) 222-4015
Fax:  (713) 222-5834
Email:     cjordan@munsch.com
*Attorneys for Defendant*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 24, 2020, I electronically filed the foregoing **REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Amy L. Bennecoff Ginsburg
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Phone: 215-540-8888
Facsimile: 877-788-2864
Email: aginsburg@creditlaw.com

*Attorneys for Plaintiff*

*/s/ Matthew C. Arentsen*
Matthew C. Arentsen