UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| **Terri Pepper**, <br><br> Plaintiff, <br><br> v. <br><br> **Life Protect 24/7, Inc. d/b/a Life Protect 24/7,** <br><br> Defendant. | Case No. 4:20-cv-02154 <br><br><br> Second Amended Complaint and Demand for Jury Trial |

## SECOND AMENDED COMPLAINT

**Terri Pepper** (Plaintiff), by and through her attorneys, **Kimmel & Silverman, P.C.**, alleges the following against **Life Protect 24/7, Inc. d/b/a Life Protect 24/7** (Defendant):

### INTRODUCTION

1. Plaintiff's Amended Complaint is based on the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227 and § 302.101 of the Texas Business & Commercial Code.

### JURISDICTION AND VENUE

2. This Court has subject-matter jurisdiction over the TCPA claims in this action under 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States. See Mims v. Arrow Fin. Servs., LLC, 565 U.S. 368, 386-87 (2012) (confirming that 28 U.S.C. § 1331 grants the United States district courts federal-question subject-matter jurisdiction to hear private civil suits under the TCPA).

3. This Court has personal jurisdiction over Defendant conducts business in the State of Texas.

4. Venue is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in The Woodlands, Texas 77354.

6. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

7. Defendant is a business entity with principal place of business, head office, or otherwise valid mailing address at 3509 Virginia Beach Boulevard Virginia Beach, Virginia 23452.

8. Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and/or insurers.

## FACTUAL ALLEGATIONS

10. Plaintiff has a residential and personal cellular telephone number ending in 0401.

11. Plaintiff has only used this phone number ending in 0401 as a residential and personal cellular telephone.

12. Beginning on or around January 13, 2020, Defendant placed calls to Plaintiff on her residential and personal cellular phone for solicitation purposes.

13. Defendant was calling regarding a life alert medical device.

14. Plaintiff did not request information from Defendant about medical alert devices and Defendant did not have consent to contact Plaintiff.

15. Upon information and belief, Defendant was trying to reach a third party named James Draper.

16. Plaintiff was not interested in purchasing a medical alert device and did not seek information regarding a medical alert device.

17. Plaintiff received five calls from Defendant on the following dates and times: January 13, 2020 at 9:54AM; January 13, 2020 at 1:50PM; January 14, 2020 at 9:20AM; January 14, 1010 at 2:59PM; and January 15, 2020 at 11:17AM.

18. During the first call on January 13, 2020, Defendant's representative called her at 9:54AM, but Plaintiff could not speak so she disconnected the call.

19. Defendant's representative called her back again later that same day, January 13, 2020 at 1:50. During this call Plaintiff requested a call back number from the representative and she was provided the number 800-244-5487.

20. Plaintiff received three additional calls from Defendant.

21. Plaintiff later called that number back with a friend on January 23, 2020 and was informed by a representative that she had reached "Life Protect 24/7," the Defendant in this matter and was provided the website www.lifeprotect247.com.

22. When placing these calls to Plaintiff, Defendant used an automated telephone dialing system.

23. Plaintiff knew Defendant was using an automated telephone dialing system as there was a noticeable "bloop" sound that would play between answering a call and being transferred to a live agent from Defendant.

24. Plaintiff has been on the Do Not Call Registry since December 15, 2004.

25. Defendant's calls were not made for "emergency purposes."

26. Defendant's incessant calls were bothersome, disruptive and frustrating for Plaintiff to endure.

27. Plaintiff received all five calls while on the Do Not Call Registry and all within a single year.

28. Defendant is not registered as a telephone solicitor with the Texas Secretary of State as required by the Texas Business and Commerce Code.

29. This was confirmed by checking if Defendant was registered at: https://direct.sos.state.tx.us/telephone/TelephoneSearch.asp.

30. Upon information and belief, Defendant conducts business in a manner which violates the Telephone Consumer Protection Act.

## COUN T I
## DEFENDANT VIOLATED THE TCPA 47 U.S.C. § 227(B)

31. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

32. The TCPA prohibits placing calls using an automatic telephone dialing system or automatically generated or prerecorded voice to a cellular telephone except where the caller has the prior express consent of the called party to make such calls or where the call is made for emergency purposes. 47 U.S.C. § 227(b)(1)(A)(iii).

23. Defendant initiated multiple telephone calls to Plaintiff's cellular telephone number using an automatic telephone dialing system.

24. The dialing system used by Defendant to call Plaintiff's cellular telephone calls telephone numbers without being prompted by human intervention before each call.

25. The dialing system used by Defendant to call Plaintiff has the present and/or future capacity to dial numbers in a random and/or sequential fashion.

26. Defendant's calls were not made for "emergency purposes."

27. Defendant's calls to Plaintiff's cellular telephone without any prior express consent.

28. Defendant contacted Plaintiff despite the fact that Plaintiff has been on the Do Not Call Registry since December 15, 2004.

29. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

30. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

31. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

## COUN T II
## DEFENDANT VIOLATED THE TCPA 47 U.S.C. § 227(C)

32. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

33. The TCPA prohibits any person or entity of initiating any telephone solicitation to a residential telephone subscriber who has registered his or her telephone number on the National Do-Not-Call Registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government. 47 U.S.C. § 227(c).

34. Defendant contacted Plaintiff despite the fact that Plaintiff has been on the Do Not Call Registry since December 15, 2004.

35. Defendant called Plaintiff on two or more occasions during a single calendar year despite Plaintiff's registration on the Do Not Call list.

36. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

37. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

38. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

## COUNT III
## DEFENDANT VIOLATED § 302.101 OF
## THE TEXAS BUSINESS & COMMERICAL CODE

39. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

40. §302.101 of the Texas Business & Commerce Code prohibits sellers from engaging in telephone solicitation from a location in this state or to a purchaser located in this state unless the seller obtains a registration certificate from the Office of the Secretary of State for the business location from which the solicitation is made.

41. Defendant violated § 302.101 of the Texas Business & Commercial Code when its representatives engaged in continuous and repetitive telephone solicitation of Plaintiff without obtaining a registration certificate from the Office of the Secretary of State.

42. §302.302(a) of the Texas Business & Commerce Code provides that a person who violates this chapter is subject to a civil penalty of no more than $5,000 for each violation. Furthermore, §302.302(d) provides that the party bringing the action is also entitled to recover all

reasonable cost of prosecuting the action, including court costs and investigation costs, deposition expenses, witness fees, and attorney fees.

**Wherefore**, Plaintiff, **Terri Pepper,** respectfully prays for judgment as follows:

    a.      All actual damages Plaintiff suffered (as provided under 47 U.S.C. § 227(b)(3)(A)) and §302.302 of the Texas Business and Commerce Code;

    b.      Statutory damages of $500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3)(B));

    c.      Additional statutory damages of $500.00 per violative telephone call (as provided under 47 U.S.C. § 227(C);

    d.      Treble damages of $1,500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3));

    e.      Additional treble damages of $1,500.00 per violative telephone call (as provided under 47 U.S.C. § 227(C);

    f.      Injunctive relief (as provided under 47 U.S.C. § 227(b)(3) and (c)

    g.      Statutory damages of $5,000 per violation (as provided under §302.302(a) of the Texas Business & Commerce Code);

    h.      All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to §302.302(a) of the Texas Business & Commerce Code;

    i.      Any other relief this Honorable Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

**Please take notice** that Plaintiff, **Terri Pepper,** demands a jury trial in this case.

Respectfully submitted,

Dated: 11/20/2020

By: *s/ Amy L. Bennecoff Ginsburg*
Amy L. Bennecoff Ginsburg, Esq.
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Phone: 215-540-8888
Facsimile: 877-788-2864
Email: aginsburg@creditlaw.com

CERTIFICATE OF SERVICE

I, Amy L.B. Ginsburg, hereby certify that I served a true and correct copy of the foregoing amended complaint to the below parties via ECF on November 20, 2020.

>Christopher M. Jordan, Esq.
>MUNSCH HARDT KOPF &HARR, P.C.
>700 Milam Street, Suite 2700
>Houston, Texas 77002
>Email: cjordan@munsch.com

>Matthew C. Arentsen, Esq.
>Jesse D. Sutz, Esq.
>BROWNSTEIN HYATT FARBER SCHRECK, LLP
>410 17th Street, Suite 2200
>Denver, Colorado 80202
>Email: marentsen@bhfs.com
>     jsutz@bhfs.com

>*/s/ Amy L.B. Ginsburg*
>AMY L. B. GINSBURG