**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| TERRI PEPPER,<br><br>             Plaintiff,<br><br>v.<br><br>LIFE PROTECT 24/7, INC., d/b/a<br>LIFE PROTECT 24/7,<br><br>             Defendant. | Case No.: 4:20-cv-02154 |

**REPLY IN SUPPORT OF MOTION TO DISMISS**
**PLAINTIFF'S SECOND AMENDED COMPLAINT**

Defendant Life Protect 24/7, Inc. ("Life Protect") respectfully submits this Reply in Support (the "Reply") of its Motion to Dismiss (the "Motion") (Dkt. No. 25) Plaintiff's Second Amended Complaint (the "SAC") (Dkt. No. 24) under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) set forth as follows:

**INTRODUCTION**

In her Opposition to Life Protect's Motion, Plaintiff asks this Court to accept as true and sufficient her bald allegations and legal conclusions—notwithstanding the fact that this Court has previously ordered Plaintiff to add well-pled allegations to her SAC or face dismissal. Despite the Court's directive, Plaintiff has again failed to include more-detailed allegations in her SAC that establish this Court's subject matter jurisdiction and that state a claim for relief. Essentially, Plaintiff has ignored this Court's Order and is once again inviting this Court to allow her to proceed with this lawsuit even though her SAC falls far below the *Twombly/Iqbal* pleading standard. This Court should decline Plaintiff's invitation and dismiss the action with prejudice.

Plaintiff's Opposition is telling in that it not only underscores that Plaintiff lacks factual support for her causes of action, but it also makes fatal admissions evincing that she cannot add

1

further averments to save her claims from dismissal. To be sure, Plaintiff's Opposition leaves no doubt that she cannot: (1) trace the calls to Life Protect; (2) offer factual details that an ATDS was used to make the calls; (3) allege that two or more calls contained telephone solicitations; and (4) plead the requisite elements of her Texas state law claim. Additionally, Plaintiff offers this Court a strained and ineffectual interpretation of *Barr v. AAPC* in an attempt to save her § 227(b) TCPA claim—which should be dismissed because this provision was unconstitutional when the calls to Plaintiff were allegedly made.

At bottom, Plaintiff's third edition of her complaint is still fatally deficient, and she should not be allowed a fourth bite at the apple. Accordingly, because further amendment is futile, Plaintiff's SAC should be dismissed with prejudice.

## ARGUMENT

### I. This Court Lacks Subject Matter Jurisdiction.

Contrary to Plaintiff's suggestion, Life Protect is not making a *factual* challenge to subject matter jurisdiction. (Opp'n at 2–3). Rather, Life Protect is making only a *facial* attack on subject matter jurisdiction, which requires this Court "merely to look to the sufficiency of the allegations in the complaint." *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981). Here, Plaintiff has not made well-pled factual allegations that plausibly establish subject matter jurisdiction, and Plaintiff's § 227(b) claim is unconstitutional as a matter of law.

### A. Plaintiff cannot trace her injuries to Life Protect and, therefore, lacks Article III standing.

In her Opposition, Plaintiff argues that she need not offer plausible allegations that Life Protect called her. (Opp'n at 4–5). Plaintiff is wrong. "To establish Article III standing, a plaintiff must show (1) an injury in fact, (2) ***that is fairly traceable to the challenged conduct of the defendant***[.]" *Bruni v. Hughes*, 468 F. Supp. 3d 817, 823 (S.D. Tex. 2020) (emphasis added).

"[S]tanding cannot be inferred argumentatively from averments in the pleadings, but rather must affirmatively appear in the [pleading]." *FW/PBS, Inc. v. Dallas*, 493 U.S. 215, 231 (1990) (internal citations and quotations omitted). Plaintiff's burden is to "'allege . . . *facts essential to show jurisdiction*. If [she] fail[s] to make the necessary allegations, [she has] no standing.'" *Id*. (quoting *McNutt v. General Motors Acceptance Corp*., 298 U.S. 178, 189 (1936) (emphasis added)). Plaintiff does not meet her burden.

Here, the challenged conduct is that someone supposedly made outbound telemarketing calls to Plaintiff. (*See generally*, SAC). Yet, Plaintiff offers no plausible basis to conclude that *Life Protect* made the calls to her, alleging only instead that *she called a number and reached Life Protect*. (SAC ¶ 21). Plaintiff essentially admits this to be true by explaining that she made a call to a number provided to her by whomever called her "in order to ascertain" the caller. (Opp'n at 2). In other words, despite complaining that Life Protect made unlawful *outbound* calls to her, Plaintiff confirms that *she never received* a call wherein the *caller* identified itself as Life Protect or attempted to sell her a medical alert device (or any other product for that matter). Rather, she speculates that Life Protect called her based on a call *she made* to Life Protect. Plaintiff, therefore, still has not plausibly traced the calls *she received* to Life Protect and lacks Article III standing.

Plaintiff engages in much handwringing over Life Protect's question as to why she needed to obtain a number to call back "in order to ascertain" who was calling her, and she contends that she need not answer this critical question. (Opp'n at 4–5). But Life Protect is not alone in emphasizing the significance of this inquiry. Indeed, in this Court's Order denying Life Protect's motion to dismiss Plaintiff's First Amended Complaint, the Court found that Plaintiff had not explained "how she determined that Life Protect *was the caller*." (Dkt. No. 23, at 5).

3

Despite the Court's directive, Plaintiff still contends that she need not plausibly support her contention that Life Protect called her.

Practically speaking, Plaintiff's argument in her Opposition that she need not plead facts demonstrating that Life Protect called her would mean that a plaintiff can simply make conclusory averments that a defendant made unlawful telemarketing calls, and that by doing so, the plaintiff is entitled to discovery. This is not the law, as Plaintiff's position would obviate a claimant's burden to plead the elements of Article III standing.

In the end, Plaintiff has not affirmatively established the traceability element of standing because she pleads no facts indicating that the calls she received were made by Life Protect. Because Plaintiff has now had multiple opportunities to explain how she determined that the calls she received were actually made by Life Protect—yet she has failed to offer a non-speculative explanation—it is clear she cannot sufficiently trace the calls to Life Protect. Her SAC, therefore, should be dismissed with prejudice.

> **B.** **In addition to her lack of standing, Plaintiff's § 227(b) TCPA claim (Count I) fails because the provision was unconstitutional from 2015 through July 2020 and, therefore, cannot be enforced for the calls Plaintiff alleges during that period.**

Plaintiff misstates the Supreme Court's decision in *Barr v. AAPC* and overstates where the weight of authority lies on whether federal courts have subject matter jurisdiction over § 227(b) claims for calls made between the 2015 Amendment and *AAPC*.

Plaintiff argues that "[i]n Barr, the Supreme Court's majority rejected the argument from the [AAPC] that the TCPA contained unconstitutional content-based restrictions on speech." (Opp'n at 5). To the contrary, the Court "h[e]ld that the 2015 government-debt exception added an unconstitutional exception to the law" and then "cure[d] that constitutional violation by invalidating the 2015 government-debt exception and severing it from the remainder of the

4

statute." *See Barr v. AAPC*, 140 S. Ct. 2335, 2356 (2020) (emphasis added). In other words, the Court found that § 227(b) was unconstitutional after the 2015 Amendment because it contained the unconstitutional government debt-collection exception, and remediated the statute by severing the offending provision.

With respect to whether § 227(b) can be enforced from the 2015 Amendment through *AAPC*, a three Justice minority **offered dicta in a footnote** suggesting that "our decision today does not negate the liability of the parties who made robocalls covered by the robocall restriction." *AAPC*, 140 S. Ct. at 1355, n. 12. But Justice Gorsuch, joined by Justice Thomas, disagreed, emphasizing the inherent inconsistency that "a holding that shields ***only*** government-debt collection callers from past liability under an admittedly unconstitutional law would wind up endorsing the very same kind of content discrimination we say we are seeking to eliminate." *Id*. at 2366 (Gorsuch, J., concurring in part, dissenting in part, and concurring in the judgment) (emphasis added).

Wrestling with this issue, the *Creasy* court—which remains the only precedent in the Fifth Circuit—reasoned:

> Justice Gorsuch's is the better argument as a matter of law and logic. Congress's 2015 enactment of the government-debt exception rendered § 227(b)(1)(A)(iii) an unconstitutional content-based restriction on speech. . . . ***[I]in the years in which § 227(b)(1)(A)(iii) permitted robocalls of one category of content (government-debt collection) while prohibiting robocalls of all other categories of content, the entirety of the provision was, indeed, unconstitutional.***

*Creasy v. Charter Commc'ns, Inc.*, No. CV 20-1199, 2020 WL 5761117, at \*2 (E.D. La. Sept. 28, 2020) (emphasis added). *Lindenbaum* agreed. *See generally, Lindenbaum v. Realgy, LLC*, No. 1:19 CV 2862, 2020 WL 6361915, at \*2–4 (N.D. Ohio Oct. 29, 2020). Unlike the authority cited by Plaintiff, these decisions grappled with the consequences of *AAPC*'s ruling that § 227(b) was unconstitutional from the 2015 Amendment through 2020, holding that—because the law

was unconstitutional—federal courts lack subject matter jurisdiction to enforce it during this unconstitutional period.

Notably, since the filing of the Motion, the Middle District of Florida has joined *Creasy* and *Lindenbaum*. *See Hussain v. Sullivan Buick-Cadillac-GMC Truck, Inc.*, No. 5:20-CV-38-OC-30PRL, 2020 WL 7346536 (M.D. Fla. Dec. 11, 2020) (finding the court lacked subject matter jurisdiction over 2019 calls because "at the time the robocalls at issue were made, the statute could not be enforced as written and a later amendment to a statute cannot be retroactively applied"). *Hussain* creates a split in the Middle District of Florida and in the Eleventh Circuit on this issue, holding contrary to *Rieker v. National Car Care Cure, LLC*, 3:20-cv-05901 (N.D. Fla. Jan. 5, 2021) and *Abramson v. Federal Insurance Co.*, No. 8:19-cv-2523-T-60AAS, 2020 U.S. Dist. LEXIS 232937, at *3-4 (M.D. Fla. Dec. 11, 2020)—the cases on which Plaintiff relies. Thus, although Plaintiff cites authority disagreeing with *Creasy*, *Lindenbaum*, and *Hussain*, the weight of authority is not against these decisions that find § 227(b) cannot be enforced for pre-*AAPC* calls. And, significantly, *Creasy* remains the only Fifth Circuit precedent on point and is well reasoned and correctly decided.

This Court should join *Creasy*, *Lindenbaum*, and now *Hussain*, in holding that § 227(b), as remedied post-*AAPC*, cannot be applied retroactively to calls made while § 227(b) was unconstitutional. Accordingly, Plaintiff's § 227(b) claim should be dismissed with prejudice.

## II. Plaintiff Fails to State a Claim for Relief.

### A. Plaintiff does not—and cannot—plausibly allege that Life Protect called her.

For the same reasons as those articulated in Section I.A., *supra*, Plaintiff has not and clearly cannot offer plausible allegations that Life Protect ***made*** or ***initiated*** the calls she received. Because plausibly alleging that Life Protect called her is an essential element of all of

6

Plaintiff's claims, and because she fails to aver this crucial element, all of her claims should be dismissed with prejudice under Rule 12(b)(6). (*See* Mot. at 12).

### B. Plaintiff does not argue that the broad definition of an ATDS should apply, and under the narrow statutory definition, her § 227(b) TCPA claim fails.

Plaintiff does not argue which definition of an ATDS should apply. (*See generally*, Opp'n). Plaintiff, therefore, has abandoned any argument that the broad definition applies, and this Court must view Plaintiff's claims under the narrow statutory definition. *See Baldwin v. Mortgage Elec. Registration Sys.*, No. 4:19-CV-03921, 2020 WL 4227591, at *6, n.2 (S.D. Tex. June 8, 2020) ("[W]hen a plaintiff fails to defend or pursue a claim in response to a motion to dismiss, the claim is deemed abandoned."); *Lopez v. River Oaks Imaging & Diagnostic Group, Inc.*, 542 F. Supp. 2d 653, 658, n. 9 (S.D. Tex. 2008) (same). Under the narrow definition, an ATDS includes only those devices: (1) with the capacity to store numbers to be called using a random or sequential number generator and to dial such numbers; or (2) with the capacity to produce telephone numbers to be called using a random or sequential number generator and to dial such numbers. (*See* Mot. at 14–15). In other words, the device must have random or sequential number dialing functionality.

Applying the narrow statutory definition of an ATDS, Plaintiff's allegations fail as a matter of law because she alleges the calls she received were targeted to a specific individual. (SAC ¶ 15). Critically, Plaintiff makes no effort to distinguish *Suttles v. Facebook, Inc.*, 461 F. Supp. 3d 479 (W.D. Tex. 2020), which found that—under the narrow definition of an ATDS— the plaintiff's allegations that he received ***targeted*** text messages evinced that an ATDS was not used. (*See generally*, Opp'n). Here, Plaintiff's allegations mirror the fatally deficient allegations in *Suttles* because—like the plaintiff in *Suttles*—Plaintiff alleges she received calls that were intended for a specific individual named James Draper. (SAC ¶ 15). Consequently, "***[t]he facts***

7

*as described in [Plaintiff's] pleadings do not give rise to an inference that a device with 'random or sequential' functionality was used***[.]**" *Suttles*, 461 F. Supp. 3d at 487 (emphasis added).

Because Plaintiff's allegations are inherently inconsistent with the use of a telephony system with random or sequential functionality, her § 227(b) claim fails and dismissal with prejudice is appropriate.

### C. Plaintiff does not, and cannot, allege that she knows that two or more of the calls she received contained telephone solicitations, and her § 227(c) TCPA claim consequently fails.

Plaintiff's argument as to why her § 227(c) claim survives boils down to her contention that the Court must accept her bald legal conclusion that the five calls she received were made for solicitation purposes. (*See* Opp'n at 9). But Plaintiff's assertion that the calls were made for solicitation purposes is a legal conclusion without any supporting allegations, as Plaintiff does not actually allege she heard anyone attempt to sell her any goods or services during any of the five calls. Therefore, she cannot offer plausible facts establishing the calls contained "telephone solicitations." (*See generally*, SAC); *see also* 47 U.S.C. § 227(a)(4); 47 C.F.R. § 64.1200(f)(14) (defining a "telephone solicitation"). Legal conclusions are not sufficient to state a claim, and this Court should not accept Plaintiff's conclusory allegations as true. *See, e.g., Ashcroft v. Iqbal*, 55 U.S. 662, 678 (2009) ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

It is now plain that Plaintiff cannot allege—as she must—that *two or more* of the calls she received contained telephone solicitations. In her Opposition, Plaintiff makes the telling admission that of the five calls she received, they were made "*apparently* to solicit its medical alert device." (Opp'n at 1 (emphasis added)). Plaintiff, thus, admittedly does not know if any of

8

the calls contained telephone solicitations and is just speculating. Of course, speculative allegations are insufficient under Rules 8(a) and 12(b)(6). *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level[.]").

Critically, Plaintiff again fails to distinguish on-point precedent. Indeed, nowhere in her Opposition does Plaintiff address *Schulz v. Infogroup, Inc.*, No. 3:19-CV-1620-N, 2020 WL 4201636 (N.D. Tex. July 21, 2020), which is on all fours with this action. In dismissing the plaintiff's claim because he did not allege he heard or received any specific messages from the caller *in calls made to him*, the *Schulz* court emphasized that "the TCPA specifically applies *to calls initiated by defendants* to residential telephone lines, *not the inverse*" and that "messages [plaintiff] heard *when he affirmatively contacted [defendant]* are not TCPA violations[.]" *Id*. at *1–2 (emphasis added). Like in *Schulz*, here, Plaintiff's only basis to conclude that the five calls she received contained telephone solicitations from Life Protect is that *she made an outbound* call to Life Protect wherein Life Protect allegedly tried to sell her a product. (SAC ¶ 21). This is not enough to state a § 227(c) claim.

Having been allowed multiple opportunities to clarify her bald assertions that Life Protect called her to market its products, Plaintiff clearly lacks any plausible basis to allege that two or more of the calls she received contained telephone solicitations from Life Protect. Because Plaintiff cannot allege a plausible set of facts that she *received* two or more telephone solicitations in a twelve-month period, her § 227(c) claim fails and should be dismissed with prejudice.

**D. Plaintiff does not argue that the elements of a claim under § 302.101 of the Texas Business and Commerce Code are met.**

Plaintiff's argument regarding her Texas state law claim (Count III) again asks this Court to accept her conclusory assertions as true—which this Court should not under *Twombly* and *Iqbal*. To be sure, Plaintiff offers a lone, bald allegation that Life Protect violated § 302.101 of the Texas Business and Commerce code and states that this is enough to state a claim under the statute. (Opp'n at 9–10). It is not.

Even if Life Protect violated § 302.101 (which Life Protect did not), Plaintiff must still allege the requisite elements of a private right of action under *§ 302.303* of the Texas Business and Commerce Code to obtain relief for Life Protect's supposed § 302.101 violation. To state a private right of action under § 302.303, Plaintiff must allege detrimental reliance and economic damages. *See* Tex. Bus. & Com. Code § 17.50(a)(1); (Mot. at 21–22). Plaintiff does not dispute, and thereby seemingly concedes, that these elements are required to maintain her § 302.101 claim. (*See generally*, Opp'n). Yet, Plaintiff neither alleges these requisite elements in her SAC, nor argues in her Opposition that she has sufficiently pled them (or even could plead them). (*See generally*, SAC, Opp'n).

Because Plaintiff has not alleged the elements needed to maintain a private right of action under § 302.303 of the Texas Business and Commerce Code, Count III fails as a matter of law.

## CONCLUSION

Life Protect respectfully requests that the Motion be granted and Plaintiff's SAC be dismissed with prejudice.

SUBMITTED this 19th day of January 2021, by:

/s/ Matthew C. Arentsen
BROWNSTEIN HYATT FARBER SCHRECK, LLP
Matthew C. Arentsen, *admitted pro hac vice*
Jesse D. Sutz, *admitted pro hac vice*
410 17th Street, Suite 2200
Denver, Colorado 80202
Phone: 303.223.1100
Fax:   303.223.1111
Email:     marentsen@bhfs.com
           jsutz@bhfs.com

*Attorneys in Charge for Defendant*

Christopher M. Jordan
TX State Bar No. 4087817
MUNSCH HARDT KOPF & HARR, P.C.
700 Milam Street, Suite 2700
Houston, Texas 77002
Telephone: (713) 222-4015
Fax: (713) 222-5834
Email:   cjordan@munsch.com
*Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on January 19, 2021, I electronically filed the foregoing **REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Amy L. Bennecoff Ginsburg
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Phone: 215-540-8888
Facsimile: 877-788-2864
Email: aginsburg@creditlaw.com

*Attorneys for Plaintiff*

                                                          */s/ Matthew C. Arentsen*
                                                          Matthew C. Arentsen

22079935