Case 4:20-cv-02154   Document 36   Filed on 03/01/21 in TXSD   Page 1 of 6

United States District Court
Southern District of Texas
**ENTERED**
March 03, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| TERRI PEPPER, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. 4:20-CV-02154 |
| § | |
| LIFE PROTECT 24/7, INC., d/b/a LIFE § | |
| PROTECT 24/7, § | |
| § | |
| Defendant. § | |

**MEMORANDUM OPINION AND ORDER**

**I.    INTRODUCTION**

Pending before the Court are the defendant's, Life Protect 24/7 Inc., ("Life Protect") second motion to dismiss (Dkt. No. 25), the plaintiff's, Terri Pepper, response (Dkt. No. 28) and Life Protect's reply (Dkt. No. 29). After considering the motion, response, and reply the Court determines that Life Protect's motion should be **DENIED**.

**II.   FACTUAL BACKGROUND**

In Pepper's initial complaint, she claimed that her cellular phone number had been listed on the Do Not Call Registry since December 15, 2004. Starting in January 2020, Pepper began receiving phone calls to her cellular phone from Life Protect using an automatic telephone dialing system ("ATDS"). In her Amended Complaint, she expounded on her claims by providing more details about the alleged dialing system and that Life Protect called her on at least two or more occasions within a year. In her Second Amended Complaint ("SAC"), she provides specific details of each call. Specifically, she received five calls within three days, and when she returned the call, she was told she reached Life Protect. In addition, she claimed she heard a "bloop" noise that, to her, appeared to be an ATDS machine.

1

Pepper has filed three claims against Life Protect for violating the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227(B) and (C), and Section 302.101 of the Texas Business & Commercial Code. For the second time, Life Protect moves to dismiss these claims pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

### III.   CONTENTIONS OF THE PARTIES

#### A. Life Protect's Contentions

Life Protect moves to dismiss Pepper's SAC under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Specifically, it contends that Pepper's claims cannot survive a Rule 12(b)(1) subject matter jurisdiction challenge because she lacks standing. Life Protect claims that Pepper cannot survive its Rule 12(b)(6) challenge because she has failed to state a claim for relief. In addition, it continues to argue that Pepper's suit does not plausibly allege: (1) that Life Protect called her; (2) that any calls were made using an ATDS; (3) that any of the calls contained telephone solicitations; or (4) that she was injured. It also argues that all TCPA claims are unconstitutional pursuant to *Barr v. Am. Ass'n of Pol. Consultants*, 140 S. Ct. 2335 (2020). Furthermore, it contends that count three fails because Pepper does not allege the required elements that support a state law claim under § 302.101, pursuant to the Texas Business and Commerce Code.

#### B. Pepper's Contentions

Again, Pepper asserts that she has met the standing and complaint requirements to survive a Rules 12(b)(1) and 12(b)(6) motion to dismiss. She contends that she does not need to allege a catastrophic injury, but only the unwanted calls were a nuisance. Her Amended Complaint alleges that the calls were bothersome, disruptive, and frustrating. Citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955 (2007) and *Ashcroft v. Iqbal*, 129 S.

2

Ct. 1937 (2009), she asserts that she has sufficiently stated a claim because she received multiple calls within a year from Life Protect and that an ATDS was used to make the calls. She also argues that her TCPA claims are constitutional because the Supreme Court did not strike the entire statute. Instead, it held that the "government debt exception," that excluded calls to collect debt owed to the government, was unconstitutional. That provision is not relevant here.

Pepper re-affirms her position that her Section 302.101 claims are straightforward and must be taken as true pursuant to Rule 12(b)(6). She adds that she will demonstrate through discovery that Life Protect made calls to her phone, and it was not registered to solicit with the Office of the Secretary of State.

### IV. LEGAL STANDARD

#### A. Standard Under Rule 12(b)(1)

Rule 12(b)(1) permits the dismissal of an action for lack of subject matter jurisdiction. *See Berkshire Fashions, Inc. v. M.V. Hakusan II,* 954 F.2d 874, 880 n. 3 (3rd Cir.1992). Since federal courts are considered courts of limited jurisdiction, absent jurisdiction conferred by statute or the United States Constitution, they lack the power to adjudicate certain claims. *See, e.g., Stockman v. Fed. Election Comm'n,* 138 F.3d 144, 151 (5th Cir.1998) (citing *Veldhoen v. United States Coast Guard,* 35 F.3d 222, 225 (5th Cir.1994). Therefore, the party seeking to invoke the jurisdiction of a federal court carries "the burden of proving subject matter jurisdiction by a preponderance of the evidence." *Vantage Trailers, Inc. v. Beall Corp.,* 567 F.3d 745, 748 (5th Cir.2009).

When evaluating its jurisdiction, "a [federal] court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *MDPhysicians & Assoc., Inc. v. State Bd. of Ins.,* 957 F.2d 178, 181 (5th Cir.1992) (citing *Williamson v. Tucker,* 645 F.2d 404,

413 (5th Cir. 1981)); *see also Vantage Trailers,* 567 F.3d at 748 (reasoning that "[i]n evaluating jurisdiction, the district court must resolve disputed facts without giving a presumption of truthfulness to the plaintiff's allegations"). In making its ruling, the court may rely on any of the following: "(1) the complaint alone, (2) the complaint supplemented by undisputed facts evidenced in the record, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *MDPhysicians,* 957 F.2d at 181 n. 2 (citing *Williamson,* 645 F.2d at 413). Once a defendant files a motion to dismiss under Rule 12(b)(1) and challenges jurisdiction, the party invoking jurisdiction has the burden to establish subject matter jurisdiction. *See Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980). The Court will grant a motion to dismiss for lack of subject matter jurisdiction only if it appears certain that the claimant cannot prove a plausible set of facts to support a claim that would entitle it to relief. *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008).

      **B.**     **Standard Under Rule 12(b)(6)**

Rule 12(b)(6) of the Federal Rules of Civil Procedure, requires that a plaintiff plead facts sufficient to state a cause of action in order to avoid a motion to dismiss. *See Twombly*, 550 U.S. at 570. A party may move to dismiss an action for failure to state a claim on which relief can be granted. In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the [nonmovant]." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). Even so, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964–65 (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed.2d 209 (1986)). The court's review is limited to the

complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

When considering a 12(b)(6) motion to dismiss, the Court's task is limited to deciding whether the plaintiff is entitled to offer evidence in support of her claims, not whether the plaintiff will eventually prevail. *See Twombly*, 550 U.S. at 563, 127 S. Ct. at 1969 n.8 (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed.2d 90 (1974)); *see also Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999). Moreover, in light of Federal Rule of Civil Procedure 8(a)(2), "[s]pecific facts are not necessary; the [factual allegations] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93, 127 S. Ct. 2197, 2200, 167 L. Ed.2d 1081 (2007) (per curiam) (quoting *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964). Alleging particular actions taken by the defendant is adequate to state a claim for which relief can be granted pursuant to Rule 8 of the Federal Rules of Civil Procedure. *See, e.g., Jones v. Hosemann*, 812 Fed. Appx. 235, 239 (5th Cir. 2020) (citing FED. R. CIV. P. 8; *Iqbal*, 556 U.S. at 676).

### V.    ANALYSIS

Life Protect's repeated contention that Pepper has not established a concrete injury, and therefore lacks Article III standing to bring this suit is overruled.[1]  In Pepper's SAC, she added sixteen new factual allegations to support her claims. After analyzing all of the alleged particular actions taken by Life Protect, the Court determines that Pepper's most recent complaint is adequate and survives Life Protect's 12(b)(6) motion. The Court reaches this conclusion because the rule requires the Court to accept as true the facts set out in a well-pleaded complaint. *See*

---

[1] Life Protect's 12(b)(1) claim was addressed in the Court's previous order (Docket Number 23). Facts relevant to deciding the standing issue have not changed, therefore it is not necessary to discuss standing further.

*Twombly*, 550 U.S. at 570. Specifically, Pepper claims that she received numerous calls within three days; when she answered a call, she heard a "bloop" noise that could indicate that an ATDS machine was used to call her. She subsequently called the number associated with those calls and the person who answered confirmed she reached Life Protect.

Life Protect's argument that the TCPA claims are unconstitutional cannot be the subject of a 12(b)(1) motion under these facts. However, the argument fails because Pepper's TCPA claims do not arise out of the exception that the United States Supreme Court held was unconstitutional.[2] With respect to her Section 302.101 claim, Pepper cites a web address that confirms that Life Protect was registered with the Office of the Secretary of State at the time the calls were placed.

The Court determines that Pepper's SAC withstands Life Protect's Rules 12(b)(1) and 12(b)(6) motion. Thus, Life Protect's motion to dismiss is **DENIED**.

It is so **ORDERED**.

SIGNED on this 1st day of March, 2021.

_____
Kenneth M. Hoyt
United States District Judge

---

[2] The United States Supreme Court held that the TCPA statute was partially unconstitutional; it only severed an exception that is not relevant to this case. *See Barr*, 140 S. Ct. at 2348–56. Parties are still liable for the portion of the statute that was held to be constitutional even if it is alleged to have taken place before the court ruled in *Barr*. *See id*. at 2367 n.12.