UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| TERRI PEPPER,<br><br>       Plaintiff,<br><br>v.<br><br>LIFE PROTECT 24/7, INC., d/b/a<br>LIFE PROTECT 24/7,<br><br>       Defendant. | Case No.: 4:20-cv-02154 |

**DEFENDANT'S ANSWER TO SECOND AMENDED COMPLAINT**

Defendant Life Protect 24/7, Inc., d/b/a Life Protect ("Life Protect"), through undersigned counsel, hereby files its Answer to Plaintiff Terri Pepper's ("Plaintiff" or "Pepper") Second Amended Complaint (the "SAC"), and states as follows:

Any allegation not specifically admitted herein is denied.

**INTRODUCTION**

1. Paragraph 1 of the SAC does not contain averments to which responses are required. To the extent a response is required, Life Protect admits that this action is brought under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and § 302.101 of the Texas Business & Commerce Code. Life Protect denies any violations of the TCPA or § 302.101 and denies Plaintiff is entitled to any relief.

**JURISDICTION AND VENUE**

2. The allegations contained in Paragraph 2 of the SAC constitute a legal conclusion to which no response is required. To the extent the allegations are construed to require a response, Life Protect denies that the Court has subject matter jurisdiction over Plaintiff's claims.

3. The allegations contained in Paragraph 3 of the SAC constitute a legal conclusion to which no response is required. To the extent the allegations are construed to require a response, Life Protect denies that the Court has personal jurisdiction over Defendant.

4. The allegations contained in Paragraph 4 of the SAC constitute a legal conclusion to which no response is required. To the extent the allegations are construed to require a response, Life Protect does not contest that venue is proper.

## PARTIES

5. Life Protect admits Plaintiff is a natural person. Life Protect is without sufficient information to admit or deny the remaining allegations contained in Paragraph 5 of the SAC and, therefore, denies the same.

6. The allegations contained in Paragraph 6 of the SAC constitute a legal conclusion to which no response is required. To the extent the allegations are construed to require a response, Life Protect admits Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

7. Life Protect denies the allegations contained in Paragraph 7 of the SAC because the address listed in the SAC is Life Protect's prior address. Life Protect admits that it is a business entity with a present principal place of business, head office, and valid mailing address at 6160 Commander Pkwy., Norfolk, VA 23502.

8. The allegations contained in Paragraph 8 of the SAC constitute a legal conclusion to which no response is required. To the extent the allegations are construed to require a response, Life Protect admits it is a "person" as defined by 47 U.S.C. § 153(39).

9. The allegations contained in Paragraph 9 of the SAC are vague and unclear. Accordingly, Life Protect is without sufficient information to admit or deny the allegations contained in Paragraph 9 of the SAC and, therefore, denies the same.

**FACTUAL ALLEGATIONS**

10. Life Protect is without sufficient information to admit or deny the allegations contained in Paragraph 10 of the SAC and, therefore, denies the same.

11. Life Protect is without sufficient information to admit or deny the allegations contained in Paragraph 11 of the SAC and, therefore, denies the same.

12. Life Protect denies the allegations contained in Paragraph 12 of the SAC.

13. Life Protect denies the allegations contained in Paragraph 13 of the SAC.

14. Life Protect is without sufficient information to admit or deny the allegations contained in Paragraph 14 of the SAC and, therefore, denies the same.

15. Life Protect denies the allegations contained in Paragraph 15 of the SAC.

16. Life Protect is without sufficient information to admit or deny the allegations contained in Paragraph 16 of the SAC and, therefore, denies the same.

17. Life Protect denies the allegations contained in Paragraph 17 of the SAC.

18. Life Protect denies that it or any of its representatives or agents made any solicitation or marketing calls to Plaintiff. Life Protect is without sufficient information to admit or deny the remaining allegations contained in Paragraph 18 of the SAC and, therefore, denies the same.

19. Life Protect denies that it or any of its representatives or agents made any solicitation or marketing calls to Plaintiff. Life Protect is without sufficient information to admit or deny the remaining allegations contained in Paragraph 19 of the SAC and, therefore, denies the same.

20. Life Protect denies that it or any of its representatives or agents made any solicitation or marketing calls to Plaintiff. Life Protect admits that, on February 14, 2020, a Life

Protect representative made a single manually-dialed phone call to the number ending in 0401 to respond to the complaint that Plaintiff filed with the Better Business Bureau ("BBB") regarding alleged telemarketing calls from Life Protect. Life Protect denies the remaining allegations contained in Paragraph 20 of the SAC.

21. Life Protect is without sufficient information to admit or deny the allegations contained in Paragraph 21 of the SAC and, therefore, denies the same.

22. Life Protect denies the allegations contained in Paragraph 22 of the SAC.

23. Life Protect denies the allegations contained in Paragraph 23 of the SAC.

24. Life Protect is without sufficient information to admit or deny the allegations contained in Paragraph 24 of the SAC and, therefore, denies the same.

25. Life Protect denies that it or any of its representatives or agents made any solicitation or marketing calls to Plaintiff. Life Protect admits that, on February 14, 2020, a Life Protect representative made a single manually-dialed phone call to the number ending in 0401 to respond to the complaint that Plaintiff filed with the BBB regarding alleged telemarketing calls from Life Protect. Life Protect admits this non-marketing, manually-dialed call was not made for "emergency purposes." Life Protect denies the remaining allegations contained in Paragraph 25 of the SAC.

26. Life Protect denies the allegations contained in Paragraph 26 of the SAC.

27. Life Protect denies that it or any of its representatives or agents made any solicitation or marketing calls to Plaintiff. Life Protect is without sufficient information to admit or deny the remaining allegations contained in Paragraph 27 of the SAC and, therefore, denies the same.

28. Life Protect admits that it is not registered as a telephone solicitor with the Texas Secretary of State because it does not make telephone solicitation calls.

29. Life Protect is without sufficient information to admit or deny the allegations contained in Paragraph 29 of the SAC and, therefore, denies the same.

30. Life Protect denies the allegations contained in Paragraph 30 of the SAC.

## COUNT I

31. Life Protect reiterates and incorporates herein its foregoing responses to the allegations in the SAC.

32. The allegations contained in Paragraph 32 of the SAC are not particularly directed at Life Protect and consist of legal conclusions for which no answer is required or proper. The requirements of the TCPA speak for themselves, and Life Protect denies any allegations contained in Paragraph 32 of the SAC that are inconsistent with the TCPA.[1]

23. Life Protect denies the allegations contained in Paragraph 23 of the SAC.

24. Life Protect denies the allegations contained in Paragraph 24 of the SAC.

25. Life Protect denies the allegations contained in Paragraph 25 of the SAC.

26. Life Protect denies that it or any of its representatives or agents made any solicitation or marketing calls to Plaintiff. Life Protect admits that, on February 14, 2020, a Life Protect representative made a single manually-dialed phone call to the number ending in 0401 to respond to the complaint that Plaintiff filed with the BBB regarding alleged telemarketing calls from Life Protect. Life Protect admits this non-marketing, manually-dialed call was not made for "emergency purposes." Life Protect denies the remaining allegations contained in Paragraph 26 of the SAC.

---

[1] Plaintiff's Second Amended Complaint misnumbers paragraphs beginning after Paragraph 32. Life Protect adheres to Plaintiff's numbering for consistency.

27. The allegations contained in Paragraph 27 of the SAC are vague and unclear. Accordingly, Life Protect is without sufficient information to admit or deny the allegations contained in Paragraph 27 of the SAC and, therefore, denies the same.

28. Life Protect denies that it or any of its representatives or agents made any solicitation or marketing calls to Plaintiff. Life Protect is without sufficient information to admit or deny the remaining allegations contained in Paragraph 28 of the SAC and, therefore, denies the same.

29. Life Protect denies the allegations contained in Paragraph 29 of the SAC.

30. Life Protect denies the allegations contained in Paragraph 30 of the SAC.

31. The allegations contained in Paragraph 31 of the SAC constitute a legal conclusion to which no response is required. To the extent the allegations are construed to require a response, Life Protect denies the same and denies that Plaintiff is entitled to any relief from Life Protect.

## COUNT II

32. Life Protect reiterates and incorporates herein its foregoing responses to the allegations in the SAC.

33. The allegations contained in Paragraph 33 of the SAC are not particularly directed at Life Protect and consist of legal conclusions for which no answer is required or proper. The requirements of the TCPA speak for themselves, and Life Protect denies any allegations contained in Paragraph 33 of the SAC that are inconsistent with the TCPA.

34. Life Protect denies that it or any of its representatives or agents made any solicitation or marketing calls to Plaintiff. Life Protect is without sufficient information to admit

or deny the remaining allegations contained in Paragraph 34 of the SAC and, therefore, denies the same.

35. Life Protect denies the allegations contained in Paragraph 35 of the SAC.

36. Life Protect denies the allegations contained in Paragraph 36 of the SAC.

37. Life Protect denies the allegations contained in Paragraph 37 of the SAC.

38. The allegations contained in Paragraph 38 of the SAC constitute a legal conclusion to which no response is required. To the extent the allegations are construed to require a response, Life Protect denies the same and denies that Plaintiff is entitled to any relief from Life Protect.

## **COUNT III**

39. Life Protect reiterates and incorporates herein its foregoing responses to the allegations in the SAC.

40. The allegations contained in Paragraph 40 of the SAC are not particularly directed at Life Protect and consist of legal conclusions for which no answer is required or proper. The requirements of the § 302.101 of the Texas Business & Commerce Code speak for themselves, and Life Protect denies any allegations contained in Paragraph 40 of the SAC that are inconsistent with § 302.101 of the Texas Business & Commerce Code.

41. Life Protect denies the allegations contained in Paragraph 41 of the SAC.

42. The allegations contained in Paragraph 42 of the SAC constitute a legal conclusion to which no response is required. To the extent the allegations are construed to require a response, Life Protect denies the same and denies that Plaintiff is entitled to damages or any other relief from Life Protect.

Plaintiff's "Wherefore" paragraph and jury demand of the SAC require no response. To the extent the section under the "Wherefore" paragraph of the SAC is construed to require a response, Life Protect denies it and denies that Plaintiff is entitled to any relief.

## AFFIRMATIVE DEFENSES

1. Plaintiff fails to state a claim upon which relief can be granted.

2. Plaintiff's Count I is barred because § 227(b) of the TCPA was unconstitutional during the time period of the calls at issue.

3. Plaintiff lacks Article III standing, and therefore, this Court lacks subject matter jurisdiction.

4. Plaintiff's purported injuries are not traceable to Life Protect.

5. Plaintiff's claims are barred due to estoppel, waiver, and/or laches.

6. Plaintiff's claims are barred because she has not suffered economic damages, detrimental reliance, or damages for mental anguish.

7. Plaintiff seeks damages for which Life Protect is not responsible.

8. Plaintiff's TCPA claims are barred because Life Protect did not use an automatic telephone dialing system to place a call to Plaintiff, and the sole call that Life Protect made to Plaintiff was a non-marketing call and was manually-dialed using a device that requires human intervention.

9. Plaintiff's Count III is barred because Life Protect is not required to be registered as a telephone solicitor with the Texas Secretary of State under the Texas Business and Commerce Code.

Life Protect reserves the right to plead any and all additional affirmative defenses, including but not limited to those enumerated in Rule 8(c) of the Federal Rules of Civil

Procedure, and to likewise withdraw any affirmative defense alleged, as may be justified by evidence produced through disclosure and discovery.

## DEFENDANT'S PRAYER FOR RELIEF

WHEREFORE, having fully answered and responded to the allegations of Plaintiff's Second Amended Complaint, Life Protect hereby prays that:

1. Plaintiff's claims be dismissed with prejudice in their entirety;

2. Each and every prayer for relief contained in Plaintiff's Second Amended Complaint be denied;

3. Judgment be entered in favor of Life Protect on all claims;

4. All costs, including reasonable attorney's fees and expenses, be awarded to Life Protect and against Plaintiff pursuant to applicable law; and

5. Life Protect be granted such other and further relief as this Court may deem just and proper.

Dated this 17th day of March 2021, by:

/s/ Matthew C. Arentsen
BROWNSTEIN HYATT FARBER SCHRECK, LLP
Matthew C. Arentsen, *admitted pro hac vice*
Bridget C. DuPey, *admitted pro hac vice*
410 17th Street, Suite 2200
Denver, Colorado 80202
Phone: 303.223.1100
Fax: 303.223.1111
Email: marentsen@bhfs.com
bdupey@bhfs.com

*Attorneys in Charge for Defendant*

Christopher M. Jordan
TX State Bar No. 4087817
MUNSCH HARDT KOPF & HARR, P.C.
700 Milam Street, Suite 2700
Houston, Texas 77002
Telephone: (713) 222-4015
Fax: (713) 222-5834
Email: cjordan@munsch.com
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on March 17, 2021, I electronically filed the foregoing **DEFENDANT'S ANSWER TO THE SECOND AMENDED COMPLAINT** with the Clerk of Court using the CM/ECF system which will send notification of such filing and service upon the following:

Amy L. Bennecoff Ginsburg
Jacob U. Ginsburg
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Phone: 215-540-8888
Facsimile: 877-788-2864
Email: aginsburg@creditlaw.com
          jginsburg@creditlaw.com

*Attorneys for Plaintiff*

                                        */s/ Matthew C. Arentsen*
                                        Matthew C. Arentsen

22362684